Citation Nr: 1452686 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 11-21 548 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUES

1. Entitlement to service connection for a right shoulder disorder.

2. Entitlement to service connection for a low back disorder.

3. Entitlement to service connection for a right leg disorder.

4. Entitlement to service connection for a left leg disorder.


REPRESENTATION

Appellant represented by: Military Order of the Purple Heart of the U.S.A.


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

N. Sonia, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1969 to July 1972.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines.

In May 2014, the appeal was remanded in order to schedule the Veteran for a hearing before the Board. The Veteran appeared at a Travel Board hearing with the undersigned in September 2014. A transcript is of record. As such, the Board is satisfied that there has been substantial compliance with the remand directives and appellate review may continue. See Stegall v. West, 11 Vet. App. 268 (1998). 

Consideration of the Veteran's appeal has included review of all documents within the Virtual VA paperless claims processing system and the Veterans Benefits Management System. The documents within these systems do not include any non-duplicative materials pertinent to the present appeal.

The issues of entitlement to service connection for right and left leg conditions are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The Veteran does not have a right shoulder disability or low back disability for VA compensation purposes.
CONCLUSIONS OF LAW

1. The criteria for service connection for a right shoulder disorder have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303 (2014).

2. The criteria for service connection for a low back disorder have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran contends that he has a right shoulder disorder as a result of an injury sustained while playing football during active service. He also identified low back pain as result of his service-connected hypertensive cardiovascular disease.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303(a)(2013). "To establish a right to compensation for a present disability, a Veteran must show: '(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service'-the so-called 'nexus' requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d); see also Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

The Board also emphasizes that service connection may only be granted for a current disability; when a claimed condition is not shown, there may be no grant of service connection. See 38 U.S.C.A. § 1110; Rabideau v. Derwinski, 2 Vet. App. 141 (1992) (Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability). "In the absence of proof of a present disability there can be no valid claim." See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102 (2013); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

Here, the Veteran has reported right shoulder pain and testified that he has experienced such pain since service. The Veteran's VA treatment records also document complaints of low back pain. However, pain alone, without a diagnosed or identifiable underlying malady or condition, does not constitute a disability for which service connection may be granted. See Sanchez-Benitez v. West, 13 Vet. App. 282 (1999). A review of all private and VA treatment records are absent any diagnoses related to a right shoulder disability or low back disability, to include any identifiable pain that is due to underlying pathology (disease or injury). 

Nonetheless, the Board also notes that the Veteran's service treatment records are absent any complaints of a right shoulder or low back pain symptoms. The Veteran testified that he did not seek treatment for his right shoulder during service because he felt pressure to "grin and bear it." However, upon examination, the Veteran's upper extremities and spine were found to be clinically normal during service.

The Veteran has reported pain in his right shoulder and low back, and he is certainly competent to provide that information regarding his claims. However, with regard to whether pain in either the right shoulder or low back is due to underlying pathology, the Veteran has provided no opinion. As such, the medical evidence is the only evidence that addresses whether there is underlying pathology causing the complaints of right shoulder and low back pain. That evidence is competent and highly probative and shows that there is no underlying pathology.

Accordingly, the Board finds that a preponderance of the evidence is against the claim for service connection for a right shoulder disorder or a low back disorder, and the claim must be denied as to both issues. Because the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102 (2013); Gilbert, 1 Vet. App. at 49. 

Duty to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations imposes obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013); Dingess/Harman v. Nicholson, 19 Vet. App. 473 (2006). Here, the duty to notify was satisfied by a November 2009 letter to the Veteran. 

Regarding the duty to assist, the Board is satisfied VA has made reasonable efforts to obtain relevant records and evidence. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. The evidence of record includes service treatment records, VA treatment records, private treatment records, and statements in support of the claim by the Veteran and his representative.

VA has not provided a medical opinion with regard to the Veteran's right shoulder or low back claims. However, as explained in further detail above, there is no competent and credible evidence that the Veteran had a right shoulder disability during service, or even after his discharge. Moreover, the Board recognizes that the third prong of McLendon, which requires that the evidence of record "indicates" that the claimed disability or symptoms "may be" associated with the established event, is a low threshold. McLendon, 20 Vet. App. at 83. However, there is simply no competent evidence of a current disability that is associated with an in-service injury or event. As such, the Board is not required to have the Veteran undergo a VA compensation examination for a medical nexus opinion with regard to the right shoulder. Id.

Additionally, the Veteran testified at a hearing in September 2014. An acting VLJ who conducts a hearing must fully explain the issues and suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010). Here, the Veteran was assisted by a representative during the hearing, and both the representative and the acting VLJ asked relevant questions concerning the Veteran's symptoms and the resulting impairment. Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. 3.103(c)(2).

Based on the foregoing, no further notice or assistance to the Veteran is required for fair adjudication of the Veteran's claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002).


ORDER

Entitlement to service connection for a right shoulder disorder is denied.

Entitlement to service connection for a low back disorder is denied.


REMAND

The Board finds that additional development is necessary prior to further adjudication of the Veteran's claims remaining on appeal in order to obtain medical records and opinions.

The Veteran has reported that medical professionals have linked his bilateral leg disability, identified as edema, to his heart disease. The Veteran has been service connected for hypertensive cardiovascular disease and assigned a 100 percent rating, effective March 10, 2011. The Veteran is competent to report his symptoms, when his symptoms started, and what was told to him by a doctor. Layno v. Brown, 6 Vet. App. 465, 470 (1994); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Therefore, a medical opinion is required to address whether the Veteran's right and left leg edema are caused or aggravated by his service-connected hypertensive cardiovascular disease. 

The Veteran testified that he received treatment for his heart condition from medical facilities in the Philippines, including Medical South in Dasmarinas and San Rafael Hospital in Mavelikara. A review of the claims file shows that records from these locations have not been requested. In light of the Veteran's claim of secondary service connection for a bilateral leg disability, the RO must attempt to obtain such private treatment records and associate them with the Veteran's claims file.

Accordingly, the case is REMANDED for the following action:

1. Attempt to obtain and associate with the record the necessary authorization from the Veteran for the release to VA of all private clinical and/or hospitalization records, as identified by the Veteran, to include all records from Medical South in Dasmarinas and San Rafael Hospital in Mavelikara. After obtaining any necessary release forms, all efforts to obtain such records should be fully documented and any records obtained should be associated with the record. 

2. After obtaining outstanding records to the extent possible, obtain a medical opinion addressing whether it is at least as likely as not (50 percent probability or more) that the Veteran's bilateral leg edema was caused or aggravated by the Veteran's service-connected hypertensive cardiovascular disease. 

The claims file and a copy of this remand should be provided to the VA examiner for review. A detailed rationale should be given for all opinions and conclusions expressed. If an opinion cannot be rendered without resorting to speculation, the VA examiner should explain why it would be speculative to respond.

3. Then, readjudicate the Veteran's claim. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



______________________________________________
R. FEINBERG
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs